943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando Antonio LARGO-MONTENEGRO, a/k/a/ Nicolas
Beccera-Lopez, Defendant-Appellant.
 No. 90-4050.
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 We address three issues: (1) whether the police officer committed a pretextual stop when he pulled the defendant-appellant over for weaving into the emergency and oncoming traffic lanes; (2) whether the district court abused its discretion in failing to give the jury a "mere-presence" instruction; and (3) whether the defendant-appellant's sentence was proper under the United States Sentencing Guidelines. We hold that a reasonable Utah county sheriff would have pulled over the defendant-appellant for weaving into the oncoming traffic and emergency lanes, and, therefore, we agree with the district court that the stop was not pretextual. We hold that the district court did not abuse its discretion in refusing to give the jury a "mere-presence" instruction. Finally, on the record before us, we are unable to hold that the defendant-appellant was improperly sentenced under the United States Sentencing Guidelines. The United States District Court for the District of Utah is AFFIRMED.
 
 FACTS
 
 3
 On October 2, 1989, Emery County Sheriff Richard Graham was patrolling Interstate 70. Graham, who had just finished issuing a warning ticket to a motorist for speeding, was waiting to pull off from the shoulder into the eastbound flow of traffic proceeding along Interstate 70 when Fernando Antonio Largo-Montenegro, the defendant-appellant, drove by him in a Volkswagon Camper-Van. Graham entered the eastbound flow of traffic and followed the defendant for approximately two and one-half miles. During that time, Graham witnessed the defendant cross the center line to the left three times and wander across the emergency line to the right once. Graham, suspecting that the defendant may have been intoxicated, pulled the defendant over. The defendant's registration papers and license appeared to be in order, and the district court found that the officer returned them to the defendant. Graham thereafter asked the defendant whether he was carrying any controlled substances. The defendant indicated that he was not, and Graham asked him for permission to search the van. The defendant consented, and Graham discovered ninety-nine kilograms of cocaine hidden in the roof of the van. The defendant was indicted by a Federal Grand Jury for violating 21 U.S.C. § 841(a)(1), was found guilty, and was then sentenced to a 235 month term pursuant to the United States Sentencing Guidelines on March 14, 1990. The defendant filed his notice of appeal on March 26, 1990.
 
 DISCUSSION
 
 4
 The defendant raises three issues on appeal. The first issue he raises is whether the district court erred in holding that Graham's decision to stop the defendant was not pretextual. The objective test is used to determine whether a stop is pretextual: "[A] court should ask 'not whether the officer could validly have made the stop, but whether under the same circumstances a reasonable officer would have made the stop in the absence of the invalid purpose.' " United States v. Guzman, 864 F.2d 1512, 1517 (10th Cir.1988) (citing United States v. Smith, 799 F.2d 704, 709 (11th Cir.1986)) (emphasis in the original).
 
 
 5
 Graham testified that he witnessed the defendant weaving across the both the center line to the left and the emergency lane line to the right. R.Vol. I at 13 & 46. Although the defendant disputed Graham's testimony, Id. at 92, the district court found Graham's testimony to be credible. We cannot on this record reject the district court's decision to find Graham's testimony to be the more credible.
 
 
 6
 Once we accept the district court's finding that the defendant was weaving, we must determine whether a reasonable officer would have stopped the defendant on the basis of the weaving alone. We have once before visited this issue and have held that where a motorist is weaving, the officer is justified in stopping the car. See United States v. Cheatwood, 575 F.2d 821, 826 (10th Cir.1978), cert. denied, 439 U.S. 853 (1978). Therefore, under the facts of this case, Graham's stopping of the defendant was not pretextual.
 
 
 7
 The second issue the defendant raises is whether the district court erred in refusing to give the jury a "mere presence" instruction.[1] We review the district court's decision under an abuse of discretion standard. See United States v. Suntar Roofing, 897 F.2d 469, 473 (10th Cir.1990). Where the instructions "as a whole adequately state [ ] the law, the refusal to give a particular instruction is not an abuse of discretion. Id. Instruction seventeen in particular made it clear that in order to find the defendant guilty of possessing the cocaine, the jury had to find "beyond a reasonable doubt that the defendant knew that he possessed the narcotics, and that his possession was not due to carelessness, negligence, or mistake." (emphasis added). Further, instruction eighteen explained that "[the jury] may find that the defendant acted knowingly if [the jury] find[s] beyond a reasonable doubt that the defendant was aware of a high probability that [e.g., drugs were in his automobile] and deliberately avoided learning the truth." While we agree with the defendant that his proposed instruction would have accurately described the law to the jury, we cannot say that on a whole that the instructions as given did not.
 
 
 8
 The last issue the defendant raises is whether the district court applied the guidelines improperly in sentencing him to a term of 235 months. The defendant's appellate counsel admits in his brief that the defendant's trial counsel did not argue to the district court that the defendant's sentence was calculated incorrectly pursuant to the guidelines. Instead, the defendant's trial counsel merely complained that the imposition of the guidelines led to too harsh a sentence. As the defendant's appellate counsel admits in his brief, this court is not in a position to adjust the sentences imposed pursuant to the guidelines simply because they may seem unduly harsh. Therefore, in the absence of a specific complaint regarding the calculation of the defendant's sentence pursuant to the guidelines, we must AFFIRM the district court. In all respects, the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant's proposed instruction read as follows:
 "You are instructed that there must be some evidence which connects the Defendant to the prohibited substance. Proof as to the physical proximity to the controlled substances in and of itself is not sufficient to establish either actual or constructive possession. Presence in the area where the narcotic drug is discovered, in and of itself, is not sufficient to support a finding of possession. Also, association with the person who does control the drug or property in and of itself is not sufficient to support a finding of possession."